IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE WINGO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-2310-N |
| | § | |
| LIEUTENANT WARNOCK, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

      Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

      Type of Case: This is a *pro se* civil rights action brought by a county detainee pursuant to 42 U.S.C. § 1983.

      Parties: At the time of filing this action, Plaintiff Andre Wingo was a detainee at the Kaufman County Jail in Kaufman, Texas. He presently resides in Milwaukee, Wisconsin. Defendants are Lieutenant Warnock and Doctor Fortner, who are employed by the Kaufman County Jail. The court did not issue process in this case pending preliminary screening. On December 10, 2009, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on January 6, 2010.

      Statement of Case: The complaint, as supplemented by the answers to the questionnaire, alleges that in responding to a grievance filed by Wingo, Lt. Warnock obtained information from

Dr. Fortner concerning the treatment provided as a result of a poisoning incident which Plaintiff suffered. The complaint alleges that Wingo did not consent to the disclosure of the treatment provided. Plaintiff seeks compensatory and punitive damages.[1]

Findings and Conclusions: On December 10, 2009, the court granted Plaintiff's motion to proceed *in forma pauperis* and directed him to pay the filing in installments under the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(a) and (b). After Plaintiff was released from custody and gave notice of his Wisconsin address, it came to the court's attention that he previously filed thirty-seven federal cases in Wisconsin and was barred by the three strike provisions of the PLRA. *See* 28 U.S.C. § 1915(g). That section precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

A review of the U.S. Party and Case Index reflects that the U.S. District Court, for the Eastern District of Wisconsin, dismissed one of Plaintiff's prior civil rights actions as barred by three strikes. *See Andre Wingo v. Mark Cluck, et al.*, 2:05cv1334 (E.D. Wis. 2006). In its April 19, 2006 order, the court concluded that Plaintiff had on three prior occasions, while incarcerated or detained, brought an action that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted. *Id.* at 1-2 (citing *Wingo v. Doyle*, 2:03cv267

---

[1] In addition to this case, Plaintiff filed four more cases in this court in November and December 2009. *See Wingo v. Stone*, 3:09cv2111; *Wingo v. Countryman*, 3:09cv2311; *Wingo v. Kaufman County, et al.*, 3:09cv2394; *Wingo v. Kaufman County*, 3:09cv2457. All cases remain pending.

2

(E.D. Wis. Jun. 30, 2003) (dismissing case as frivolous); *Wingo v. McCann,* 2:03cv1474 (E.D. Wis. Mar. 26, 2004) (dismissing case as frivolous and for failure to state a claim); *Wingo v. Milwaukee County*, 2:04cv401 (E.D. Wis. Jul 8, 2004) (dismissing case as frivolous and for failure to state a claim)).  Plaintiff did not appeal.[2]

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  The complaint presents no claim that Plaintiff could possibly have been in danger of any physical injury at the time of filing the same.  *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  *See also Banos*, 144 F.3d at 883-84.  Therefore, the District Court should vacate the filing fee order, bar Plaintiff from proceeding *in forma pauperis* in this action, and dismiss his complaint as barred by three strikes unless he pays the full filing fee of $350.00.  *See Adepegba*, 103 F.3d at 388.[3]

---

[2] A copy of the April 19, 2006 order in No. 2:05cv1334 is attached to the Kaufman County's answer filed in this court on January 19, 2010.  *See Andre Wingo v. Carla Stone*, No. 3:09cv2111-N (N.D. Tex.) (Doc. # 6).

The docket sheet in No. 2:05cv1334 reflects Plaintiff's Wisconsin prisoner number, No. 334317, while he was confined at the Waupun Correctional Institution in Waupun, Wisconsin.  Subsequent cases, filed by Plaintiff in the Eastern District of Wisconsin, reflect the same prisoner number along with the home address provided in this case (3014 W. Wells, No. 208, Milwaukee, WI 53208.  *See e.g. Wingo v. Mark Kluck, et al.*, No. 2:07cv1112 (E.D. Wis.).  Therefore, no doubt remains that Plaintiff filed the Milwaukee cases and accrued the three strike bar.

[3] Nevertheless, Plaintiff's allegations (that the Defendants violated his constitutional rights and the provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, §§ 261-264, 110 Stat.1936 (1996)) lack an arguable basis in law.  Plaintiff cannot show that the conduct at issue violated a clearly

3

RECOMMENDATION:

 For the foregoing reasons, it is recommended that the District Court VACATE the December 10, 2009 filing fee order (Docket #3), and DENY Plaintiff's motion to proceed *in forma pauperis* (Docket #2).

 It is further recommended that the District Court DISMISS this action as barred by the three strikes provision of 28 U.S.C. § 1915(g) unless Plaintiff tenders the $350.00 filing fee to the District Clerk within fourteen (14) days of the filing of this recommendation.

 Signed this 21st day of January, 2010.

             _____
             WM. F. SANDERSON, JR.
             UNITED STATES MAGISTRATE JUDGE

NOTICE

 A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will

---

established constitutional right at the time of the occurrence. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). As summarized in *Walker v. Gerald*, 2006 WL 1997635, *5-7 (E.D.La., 2006), prisoners does not have a clearly recognized constitutional right in the privacy of their medical records. Likewise, while HIPAA generally requires confidentiality of medical records, it provides no express or implied private cause of action for its violation. *See Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006).

bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.